OWEN, Circuit Judge,
concurring.
I fully join the majority opinion. I write separately only to emphasize that the Supreme Court’s opinion in Stem v. Marshall[1] does not affect the ability of a bankruptcy court to resolve discrete issues that a core bankruptcy proceeding and a state-law cause of action share in common. The bankruptcy court properly recognized that many, if not all, of the facts Frazin alleged in support of his Texas Deceptive Trade Practices Act (DTPA) claims related to the quality, value and reasonableness of the professional services that the Appellees rendered.
Though a bankruptcy court cannot issue a final judgment disposing of certain claims in cases like the present one, this does not mean that bankruptcy courts are neutered in adjudicating core proceedings under 28 U.S.C. § 157(b)(2). A bankruptcy court should examine and resolve all challenges to a fee application, even if the challenges could or do constitute one or more elements of state-law or other causes of action that must be finally resolved by an Article III or state court. A bankruptcy court has jurisdiction to resolve discrete factual issues that necessarily must be decided in adjudicating claims for professional fees under § 330. Bankruptcy courts should not shy away from the task of resolving all issues that pertain to a fee application, even if those issues also form the basis, in whole or in part, of a potential state-law cause of action.
When a fee application is filed under § 330, a party to the bankruptcy proceedings who has standing to challenge that application must assert all grounds for denying or reducing the claim for fees. A party cannot reserve those grounds for litigation in another forum simply because the grounds also may be at issue in state-law causes of action. The fact that there are many issues common to a proceeding under § 330 and to state-law causes of action does not insulate those common grounds from the requirement that they be raised in the bankruptcy court. The issues necessary to adjudicate a fee application should be decided by the bankruptcy court. If and when a party who objected to the fee application files suit on state-law or other nonbankruptcy claims, the court in which that suit is filed can apply issue preclusion principles to prevent wasteful and unnecessary relitigation of factual and legal issues.[2]

. - U.S. -, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).

. See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925, 932 (5th Cir.1999).